FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELMER H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | No: 1:21-CV-03089-LRS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Victoria B. Chhagan. Defendant is represented by Special Assistant United States Attorney Frederick Fripps. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 11, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 12, and **REMANDS** the case to the Commissioner for additional proceedings.

ORDER ~ 1

## JURISDICTION

Plaintiff Elmer H.[1] filed an application for Supplemental Security Income (SSI) on January 22, 2019, Tr. 80, and an application for Child's Insurance Benefits (CIB) on March 26, 2019, Tr. 79.  In both applications, Plaintiff alleged disability since October 1, 2004, Tr. 193, 194, due to a learning disability, anxiety, and depression, Tr. 224.  Benefits were denied initially, Tr. 124-30, and upon reconsideration, Tr. 135-48.  A hearing before Administrative Law Richard Hlaudy ("ALJ") was conducted on August 3, 2020.  Tr. 38-78.  Plaintiff was represented by an attorney and testified at the hearing.  *Id*.  The ALJ also took the testimony of vocational expert Mark Harrington and Plaintiff's mother.  *Id*.  The ALJ denied benefits on November 10, 2020.  Tr. 19-33.  The Appeals Council denied Plaintiff's request for review on May 3, 2021.  Tr. 5-9.  Therefore, the ALJ's November 10, 2020 became the final decision of the Commissioner.  This case is now before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c).  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Only the most pertinent facts are summarized here.

Plaintiff was 16 years old at the alleged onset date. Tr. 194. The highest grade Plaintiff completed was the tenth grade in 2004. Tr. 225, 287. He reported receiving special education throughout school. Tr. 287. He also reported that he attempted a high school diploma course, but dropped out due to anxiety. Tr. 287. Plaintiff reported no work history and no vocational training. Tr. 224, 287.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

ORDER ~ 3

interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER ~ 4

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity

ORDER ~ 5

1  ("RFC"), defined generally as the claimant's ability to perform physical and

2  mental work activities on a sustained basis despite his or her limitations, 20 C.F.R.

3  §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of

4  the analysis.

5      At step four, the Commissioner considers whether, in view of the claimant's

6  RFC, the claimant is capable of performing work that he or she has performed in

7  the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

8  If the claimant is capable of performing past relevant work, the Commissioner

9  must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

10  If the claimant is incapable of performing such work, the analysis proceeds to step

11  five.

12      At step five, the Commissioner considers whether, in view of the claimant's

13  RFC, the claimant is capable of performing other work in the national economy.

14  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination,

15  the Commissioner must also consider vocational factors such as the claimant's age,

16  education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

17  416.20(a)(4)(v). If the claimant is capable of adjusting to other work, the

18  Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

19  404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other

20  work, analysis concludes with a finding that the claimant is disabled and is

21  therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

ORDER ~ 6

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, October 1, 2004. Tr. 21. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity; neurocognitive disorder; depression; and anxiety. Tr. 22. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 22. The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c), 416.967(c) with the following limitations:

> He can lift/carry 50 pounds occasionally and 25 pounds frequently; stand and walk for 6 hours and sit for 6 hours in an 8-hour workday with normal breaks. He is limited to work that requires h[im] to perform simple repetitive tasks. He cannot work at fast-paced production quotas but can perform goal-oriented work. He is limited to superficial interaction with coworkers and public.

Tr. 27. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 32. At step five, the ALJ found that considering Plaintiff's age, education, work

ORDER ~ 7

experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including positions as a janitor, courtesy clerk, and cleaner housekeeper. Tr. 32-33. On that basis, the ALJ concluded that Plaintiff had not met the definition of disability prior to age 22 for the purpose of the CIB application filed on March 26, 2019, or the definition of disability for the purpose of the SSI application filed on January 22, 2019 . Tr. 33.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him CIB under Title II and SSI under Title XVI of the Social Security Act. ECF No. 9. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed lay witness statements; and
2. Whether the ALJ properly addressed medical source statements.

## DISCUSSION

**1.    Lay Witness Statements**

In April of 2019, Plaintiff's mother completed a Third-Party Function Report Form. Tr. 239-46. She stated that Plaintiff has trouble being in public, Tr. 239, that he is afraid of driving, Tr. 242, that he does not spend time with others, Tr. 243, and that his impairments affect his talking, memory, completing tasks, concentration understanding, and following instructions, Tr. 244. She also testified at the hearing, stating that "[i]t's hard to tell him to do stuff that he's never done before, because then he can't - - I have to stop showing over and over until he can

ORDER ~ 8

connect with it.  I mean, he has a hard time talking, he loses his track of mind, I guess, or whatever they call that, your train of thought." Tr. 62-63.  She stated that he struggles to learn new tasks, and often goes very slowly or makes mistakes. Tr. 63-64.  She stated that he gets frustrated, paces, and moves his hands "real quickly." Tr. 64.  The ALJ failed to address the statements from Plaintiff's mother in his decision.  Tr. 19-32.  Plaintiff relies on Ninth Circuit case law requiring ALJ's to discuss evidence provided by lay witnesses.  ECF No. 11 at 19-20. Defendant argues that under the new regulations, the ALJ is not required to discuss lay witness evidence in his decision.  ECF No. 12 at 7-8.

Historically, the Ninth Circuit had held that lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.").  The Ninth Circuit held that the ALJ can only reject the statements of a lay witness by providing reasons germane to the opinion. *Dodrill*, 12 F.3d at 919.  Social Security Rulings further recognized the importance of statements from friends and family by requiring decision makers to consider such evidence under some of the same factors they considered medical source opinions:

> In considering evidence from "non-medical sources" who have not seen the individual in a professional capacity in connection with their

ORDER ~ 9

> impairments, such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence.

S.S.R. 06-03p (*rescinded Mar. 27, 2017*).

The "new regulations" that Defendant refers to applies to cases filed after March 27, 2017, and states that "[w]e are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section." 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

District courts are divided as to whether or not 20 C.F.R. §§ 404.1520c(d), 416.920c(d) relieves the ALJ from the requirement to address the evidence provided by lay witnesses. *Compare, e.g., Tanya L. L. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-78-BR, 2021 WL 981492, at *7 (D. Or. Mar. 16, 2021) (noting that the ALJ "does not have to use the same criteria as required for medical sources," but that the amended regulations "do not eliminate the need for the ALJ to articulate his assessment of the lay-witness statements."), *Joseph M. R. v. Comm'r of Soc. Sec. Admin.*, No. 3:18-1779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019) (stating although "the Commissioner is 'not required to articulate how we consider evidence from nonmedical sources' using the same criteria for medical sources, it does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements"), *and Shirley C. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-CV-01212-

ORDER ~ 10

MK, 2021 WL 3008265, at *7 (D. Or. July 15, 2021) (finding that "the ALJ failed to supply a germane reason to reject the lay witness statements" and his "failure to explicitly reject the remaining portions of lay witness statements was error") *with Kava v. Kijakazi*, No. 20-00385 ACK-WRP, 2021 WL 4267505, at *7 ( D. Haw. Sep. 20, 2021) *citing Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017) ("Depending on the unique evidence in each claim, it may be appropriate for an adjudicator to provide written analysis about how he or she considered evidence from nonmedical sources, particularly in claims for child disability."), *and Wendy J.C. v. Saul*, No. 3:19-cv-01434, 2020 WL 6161402, at *12 n.9 (D. Or. Oct. 21, 2020) ("[T]he ALJ is no longer required to provide reasons germane to lay witnesses to reject their testimony.").

The issue of whether the new regulations promulgated in 2017 displace Ninth Circuit precedent has been addressed by this Court in relation to the treatment of medical opinion evidence:

> The agency has "exceptionally broad authority" under the Social Security Act (SSA) "to prescribe the standards" for establishing qualification for DIB. *See Bowen v. Yuckert*, 482 U.S. 137, 145, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (internal quotation omitted). The SSA requires the agency to seek and consider treating medical source evidence, but it does not specify how the ALJ must evaluate that evidence. 42 U.S.C. § 423(d)(5)(B). The agency may change its policies when administering the SSA. "[T]he whole point of *Chevron* is to leave the discretion provided by the ambiguities of a statute with the implementing agency." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005) (internal quotation omitted). "[A]n agency's intervening

ORDER ~ 11

interpretation of a statute command[s] deference in the face of contrary circuit precedent." *Lambert v. Saul*, 980 F.3d 1266, 1274-75 (interpreting *Brand X*, 545 U.S. at 981–82, 125 S.Ct. 2688) (gathering cases).

*Emilie K. v. Saul*, No. 2:20-CV-00079-SMJ, 2021 WL 864869, *3-4 (E.D. Wash. Mar. 8, 2021), *reversed on other grounds*, No. 21-35360 (9th Cir. Dec. 10, 2021).

Therefore, this Court turns to the agency's interpretation of the new regulations:

> Sometimes, the individual, family members, and other nonmedical sources of evidence can provide helpful longitudinal evidence about how an impairment affects a person's functional abilities and limitations on a daily basis. In claims for child disability, we often receive functional evidence from nonmedical sources, such as testimony, evaluations, and reports from parents, teachers, special education coordinators, counselors, early intervention team members, developmental center workers, day care center workers, social workers, and public and private social welfare agency personnel. Depending on the unique evidence in each claim, it may be appropriate for an adjudicator to provide written analysis about how he or she considered evidence from nonmedical sources, particularly in claims for child disability.

82 Fed. Reg. at 5850.

The Court finds that considering the "unique evidence" in this case, it was appropriate for the ALJ to provide a written analysis on how he considered the evidence from Plaintiff's mother and the failure to do so was a harmful error. Plaintiff is alleging disability since he was a child based on only mental health impairments. Tr. 224. The medical evidence in the record is extremely limited with records spanning from 2018 to 2020. Treatment records show that providers limited Plaintiff's treatment to medication management because his symptoms

ORDER ~ 12

were potentially the result of a traumatic brain injury received at the age of 2 in a motor vehicle accident. Tr. 373, 377, 384 (stating there was a lack of issues to address in therapy). Objective evidence shows moderate deficits on the Trials Making Tests, Tr. 287, so the only cognitive testing in the record demonstrate a cognitive impairment is present. Here, Plaintiff's treatment record is limited and the Agency has not ordered additional cognitive testing to discern the extent of his limitations resulting from the traumatic brain injury. Therefore, statements from Plaintiff's family members as to his daily functioning is vital to assess his RFC. The ALJ's failure to articulate how he considered this vital evidence was an error. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Ninth Circuit has stated that "we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review.").

Defendant argues that any error would be harmless because the statements from Plaintiff's mother were substantially similar to Plaintiff's own statements and the ALJ's treatment of Plaintiff's statements went unchallenged. ECF No. 12 at 8. However, Defendant failed to articulate how Plaintiff's statements were substantially similar to those provided by his mother. Plaintiff's mother gave specific examples of Plaintiff attempting to learn new skills and struggling to follow instructions. Tr. 63-34. Furthermore, she narrated how Plaintiff responds to frustration. Tr. 64. She provided specific examples of Plaintiff's alleged limitations, such as not being able to get all the items at the grocery store even

ORDER ~ 13

when a list is provided, not remembering to take his medication, overdrawing his back account because he does not understand pending transactions, and getting lost when navigating with directions. Tr. 65-68. Therefore, Defendant's mere assertion that the statements are similar does not sway the Court's determination that remand is required to remedy the ALJ's failure to discuss the statements from Plaintiff's mother.

**2.    Medical Source Opinions**

Plaintiff challenges the ALJ's treatment of the opinion from Tasmyn Bowes, Psy.D. ECF No. 11 at 5-18.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. , 82 Fed. Reg. 5844; 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding

ORDER ~ 14

of Social Security's disability program). *Id.* The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further defined in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c), 416.920c(c).[2]

---

[2] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF Nos. 11 at 5-6, 12 at 4-5. As

ORDER ~ 15

The factor of consistency requires the ALJ to consider how consistent the opinion "is with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). This case is being remanded for the ALJ to properly consider statements from a nonmedical source, Plaintiff's mother, that was not discussed in the ALJ's decision. *See supra*. Therefore, the ALJ will also reconsider Dr. Bowes' opinion on remand in light of the evidence presented from Plaintiff's mother.

## CONCLUSION

Here, Plaintiff requests that the case be remanded for additional proceedings. ECF No. 11 at 4-5. The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Upon remand, the ALJ will readdress the evidence provided by Plaintiff's mother and the opinion of Dr. Bowes. Considering Plaintiff alleges limitations resulting from a traumatic brain injury, additional cognitive testing is also appropriate on remand. Furthermore, he will call a vocational expert to testify at any remand proceedings.

///

---

addressed above, this Court has previously concluded that the regulations displace Ninth Circuit precedent. *Emilie K.*, 2021 WL 864869 at *3-4.

ORDER ~ 16

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** April 13, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 17